FILED
2009 Nov-04 PM 02:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| MARTHA KAYE HERNANDEZ, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | 6:09-CV-1118-LSC |
| ] | |
| GLOBE LIFE & ACCIDENT INS. CO., ] | |
| ] | |
| Defendant. ] | |

MEMORANDUM OF OPINION

I.  Introduction.

Plaintiff Martha Kaye Hernandez filed a complaint against Globe Life and Accident Insurance Company ("Globe Life") in the Circuit Court of Walker County, Alabama, on January 7, 2009. In the Complaint, Plaintiff asserts state law causes of action of breach of contract and bad faith (Count I), as well as fraud (Count II). After receiving responses to requests for admissions on May 20, 2009, which Globe Life contends establish the amount in controversy exceeds $75,000, the company removed the action to this Court on June 4, 2009, asserting jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity). Plaintiff filed a motion to remand (Doc. 3) on June 24, 2009,

arguing that the amount in controversy is insufficient to vest diversity jurisdiction with this Court. The motion to remand has been briefed by the parties and is ripe for decision. Upon due consideration, and for the reasons that follow, the Court finds that the motion is due to be granted.

II.  Standard for Remand.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Defendants bear the burden of establishing subject-matter jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

III.     Discussion.

Diversity jurisdiction is only appropriate if the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  Because Globe Life removed this action, it has the burden of establishing the propriety of diversity subject-matter jurisdiction.  *Wilson*, 257 U.S. at 97.

The parties do not dispute that complete diversity of citizenship exists.  The record indicates that Plaintiff is a resident citizen of Walker County, Alabama, and Globe Life is foreign corporation incorporated in Nebraska with a principal place of business in Oklahoma City, Oklahoma.  Therefore, the Court must ascertain only whether the amount in controversy requirement is met.

"Where a plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent a Car,* 279 F.3d 967, 972 (11th Cir. 2002) (citing *Tapscott v.*

*MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). However, in a case where the plaintiff has demanded a specific amount of damages, "to avoid a remand, . . . defendant must prove to a legal certainty that plaintiff's claim must exceed $[75,000]." *Burns*, 31 F.3d at 1095-96.

In this case, the Complaint includes a demand after each count for damages "not exceeding $74,900." Plaintiffs are free to avoid federal court by suing for less than the jurisdictional amount. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). Globe Life argues, however, that Plaintiff's failure to state in the Complaint that she did not seek more than $74,900 for the two counts *combined* made it unclear whether Plaintiff's demands exceeded the threshold amount of $75,000.

If the case were removable on the specific allegations of the Complaint alone, then Globe Life's removal is untimely. 28 U.S.C. § 1446(b). However, Globe Life contends that it followed the appellate court's admonishment in *Lowery v. Alabama Power Company*, 483 F.3d 1184 (11th Cir. 2007), and did not remove the action because the Complaint did

not "unambiguously" state the required jurisdictional amount. (Doc. 6 at 3-4.) Instead, Globe Life served Plaintiff with requests for admissions in order to determine "the true amount in controversy in this proceeding." (*Id*. at 4.) After an objection and state court order for Plaintiff to more fully respond to the requests for admission, Plaintiff served her responses on May 20, 2009. Globe Life contends that Plaintiff's responses establish that the amount in controversy exceeds $75,000, and they removed the action within thirty days of their receipt. The responses include:

> Request No. 1:   Admit that you never intend to seek damages from Globe Life in the above case in excess of a total amount of $75,000 for all claims made in the Complaint combined or by any amendment to the Complaint in the future.
>
> Response:   *Admit*.
>
> Request No. 2:   Admit that you agree that the total amount of damages claimed by you from Globe Life in this action is and will forever be no more that [sic] $75,000 regardless of whatever facts you may learn in the future.
>
> Response:   *Denied*.
>
> Request No. 3:   Admit that you irrevocably agree to the entry of an order by the court which places an irrevocable cap of $75,000 as the maximum

| | |
|---|---|
| | amount of damages which may be recovered by you in this case from Globe Life. |
| Response: | *Denied based on the facts, surrounding our complaint, as we know them today. If additional facts should arise in the future, we will seasonably supplement our response.* |
| Request No. 4: | Admit that you will under no circumstance seek or accept judgment or settlement in this case from Globe Life in excess of $75,000. |
| Response: | *Denied based on the facts, surrounding our complaint, as we know them today. If additional facts should arise in the future, we will seasonably supplement our response.* |
| Request No. 5: | Admit that you acknowledge and agree that you will never accept more than $75,000 in a judgment or settlement from Globe Life and that such agreement is binding upon you, your heirs, executors, administrators, and assigns, and cannot be rescinded or revoked under any circumstances regardless of any development which may occur during the investigation, discovery, pretrial or trial of this action. |
| Response: | *Denied based on the facts, surrounding our complaint, as we know them today. If additional facts should arise in the future, we will seasonably supplement our response.* |

Despite Plaintiff's admission that she "never intend[s] to seek damages from Globe Life in [this] case in excess of a total amount of $75,000 for all

claims made in the Complaint combined or by any amendment to the Complaint in the future," Globe Life insists that Plaintiff's responses to Requests for Admission numbers 2 and 4 are "compelling proof of the true amount in controversy." (Doc. 6 at 10.) Globe Life contends that it has established the amount in controversy exceeds $75,000 because Plaintiff does not admit that she would never seek more than $75,000 if new facts are found, and she does not concede that she would never accept more than $75,000. This reasoning, however, was rejected by the Eleventh Circuit Court of Appeals in *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092 (11th Cir. 1994).

In *Burns*, the defendant argued that the plaintiff's refusal to sign a stipulation agreeing to never seek or collect more than the required jurisdictional amount in the future made her prayer for relief in an amount less than the jurisdictional amount illusory. 31 F.3d at 1094-95. The appellate court disagreed. "Jurisdictional facts are assessed . . . *as of the time of removal*." *Id*. at 1097 n.13 (emphasis in original). Prior to removal, Plaintiff admitted she does not seek over $75,000, total, for all claims in the

Complaint.[1] "That [P]laintiff *might* ask for or recover more *after* removal is not sufficient to support jurisdiction." *Id*. Allowing removal when there is a possibility a plaintiff will amend her claim or be awarded more than she currently seeks "would unacceptably broaden removal jurisdiction." *Id*. at 1097. Therefore, Plaintiff's denials do not satisfy Globe Life's burden[2] to show that the amount in controversy in this action exceeds $75,000.

V. Conclusion.

The Court concludes that it is without jurisdiction to decide this case. Accordingly, Plaintiff's motion to remand will be granted and this cause will be remanded to the Circuit Court of Walker County, Alabama, from which it was improvidently removed. A separate order will be entered.

---

[1] Globe Life cites to district court case law regarding the sufficiency of plaintiffs' stipulations made *after* removal regarding amounts in controversy. (Doc. 6 at 11-13.) However, the admission at issue in this case occurred before removal. The Court is not confronted with the concerns addressed in the cases cited by Globe Life—namely, that subject-matter jurisdiction may exist at the time of removal, but the plaintiff attempts to reduce the amount claimed to divest the federal court of jurisdiction. *See, e.g.*, *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301-03 (M.D. Ala. 1999) (DeMent, J.).

[2] It is unnecessary for the Court to determine whether Globe Life's burden of proof is a preponderance of the evidence or legal certainty. As noted earlier, if Plaintiff's demand for damages was specific, then Globe Life's removal was untimely. 28 U.S.C. § 1446(b). However, assuming an issue of timeliness did not exist, Globe Life has not shown by either a preponderance of the evidence or a legal certainty that the amount in controversy exceeds $75,000.

Done this <u>4th</u> day of <u>November 2009</u>.

                                        _____
                                               L. SCOTT COOGLER
                                       UNITED STATES DISTRICT JUDGE
                                                                         153671